## PERTH AMBOY IRON AND METAL COMPANY, PROSE-CUTOR, v. HERMAN ELLIS, DEFENDANT.

### Decided March 20, 1923.

**Landlord and Tenant—Dispossession of Tenant—Jurisdiction of District Court to Remove Tenant Continuing in Posses-sion After Expiration of Lease.**

On *certiorari* to review the action of a District Court in dispossessing a tenant.

Before a single justice.

For the prosecutor, *Thomas Brown*.

For the defendant, *Wight, Wight & Golenbock*.

The opinion of the court was delivered by

BERGEN, J.  A writ of *certiorari* was allowed to review the proceedings and judgment of the District Court of the city of Perth Amboy on the ground that the jurisdictional affidavit did not set out "demand made and notice in writing given for delivering the possession" of the demised premises where the tenant held over after the expiration of his lease.  The District Court is given jurisdiction to remove a tenant under section 107 when any person shall hold over and continue in possession of the demised premises, after the expiration of his term, and after demand made and notice in writing given for delivering the possession thereof by the landlord, the demand to be made and notice given as is particularly set out in the act.  The jurisdictional affidavit does not set forth any such demand, and it is not claimed by the landlord that it was.  I have been furnished with an elaborate brief by defendant citing numerous cases holding that a notice to quit is not necessary when the tenancy has expired by the term of the letting, but counsel fails to notice the distinction between a notice to quit and the statutory demand for possession which

is necessary to give the District Court jurisdiction to dispossess a tenant who is a mere holder over. These proceedings are summary in their nature, and to authorize the District Court to enforce them the statute must be strictly complied with and every required step proven. No such demand was proven and could not be under the affidavit on which this judgment is based. The District Court had no jurisdiction for want of a proper affidavit. The judgment and proceedings will be set aside, with costs.